B6 Summary (Official Form 6 - Summary) (12/07)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re  **Laron Frazier**                                    Case No.    **07-19971**

                                                    Chapter    **13**

*AMENDED*
## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $160,000.00 | | |
| B - Personal Property | Yes | 4 | $3,000.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $155,641.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 3 | | $4,000.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 5 | | $177,719.45 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | $6,500.00 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 1 | | | $3,600.00 |
| | TOTAL | 19 | $163,000.00 | $337,360.45 | |

Form 6 - Statistical Summary (12/07)

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

In re  Laron Frazier

Case No.    07-19971

Chapter    13

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11, or 13, you must report all information requested below.

☐  Check this box if you are an individual debtor whose debts are NOT primarily consumer debts.  You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $4,000.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $0.00 |
| Student Loan Obligations (from Schedule F) | $0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $0.00 |
| **TOTAL** | **$4,000.00** |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $6,500.00 |
| Average Expenses (from Schedule J, Line 18) | $3,600.00 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20) | $1,666.67 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $0.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $4,000.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $0.00 |
| 4. Total from Schedule F | | $177,719.45 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $177,719.45 |

B6A (Official Form 6A) (12/07)

In re  **Laron Frazier**

Case No.  **07-19971**
(if known)

## SCHEDULE A - REAL PROPERTY

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting Any Secured Claim or Exemption | Amount Of Secured Claim |
|---|---|---|---|---|
| 6945 NW 20th Ave., Miami, FL equitable interest in real property, title presently in wife's name only, prior to sheriff's sale was held as tenants by entireties | Equitable Interest | - | $160,000.00 | $155,641.00 |
| | | Total: | $160,000.00 | |

(Report also on Summary of Schedules)

B6B (Official Form 6B) (12/07)

In re  **Laron Frazier**                                    Case No.  __07-19971_____

                                                                                    (if known)

## SCHEDULE B - PERSONAL PROPERTY

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand. | | pocket | - | $100.00 |
| 2. Checking, savings or other finan-cial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and home-stead associations, or credit unions, brokerage houses, or cooperatives. | X | | | |
| 3. Security deposits with public util-ities, telephone companies, land-lords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video and computer equipment. | | furniture and household goods | - | $700.00 |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | | tapes, cds | - | $150.00 |
| 6. Wearing apparel. | | clothing, shoes | - | $200.00 |
| 7. Furs and jewelry. | | rings, watches, other jewelry | - | $850.00 |
| 8. Firearms and sports, photo-graphic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | life insurance policy Prudential | - | Unknown |

B6B (Official Form 6B) (12/07) -- Cont.

In re  **Laron Frazier**                                      Case No.  **07-19971**
                                                                                    (if known)

## SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 1*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | Man Power Enterprise, Inc. | - | $1,000.00 |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | | Katrina Pelote case 05-16479 CC 05 judgment, collection in doubt, past due rent | - | Unknown |
| | | judgment against Trina (Williams) Bowing for $6000.00 | - | Unknown |

B6B (Official Form 6B) (12/07) — Cont.

In re  **Laron Frazier**                                                   Case No.  **07-19971**
                                                                                    (if known)

## SCHEDULE B - PERSONAL PROPERTY
*Continuation Sheet No. 2*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | doubtful collectibility | | |
| 19. Equitable or future interests, life estates, and rights or powers exercis- able for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliqui- dated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | | cause of action BAC Funding Corp. and/or Madison Capital | - | Unknown |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |

B6B (Official Form 6B) (12/07) — Cont.

In re  **Laron Frazier**                                      Case No.   **07-19971**
                                                                         (if known)

## SCHEDULE B - PERSONAL PROPERTY
*Continuation Sheet No. 3*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed.  Itemize. | X | | | |
| | | _____3_____ continuation sheets attached | Total > | $3,000.00 |
| | | (Include amounts from any continuation sheets attached.  Report total also on Summary of Schedules.) | | |

B6C (Official Form 6C) (12/07)

In re  **Laron Frazier**

Case No.  **07-19971**
_____
(If known)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)

☐ 11 U.S.C. § 522(b)(2)
☑ 11 U.S.C. § 522(b)(3)

☐ Check if debtor claims a homestead exemption that exceeds $136,875.

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| 6945 NW 20th Ave., Miami, FL equitable interest in real property, title presently in wife's name only, prior to sheriff's sale was held as tenants by entireties | Fla. Const. Art. X § 4(a)(1); Fla. Stat. Ann. §§ 222.01, .02 | 100% | $160,000.00 |
| furniture and household goods | Fla. Const. Art. X, § 4(a)(2) | $700.00 | $700.00 |
| tapes, cds | Fla. Const. Art. X, § 4(a)(2) | $150.00 | $150.00 |
| clothing, shoes | Fla. Const. Art. X, § 4(a)(2) | $150.00 | $200.00 |
| life insurance policy Prudential | Fla. Stat. Ann. § 222.13 Fla. Stat. Ann. § 222.14 | 100% 100% | Unknown |
| | | $5,359.00 | $161,050.00 |

B6D (Official Form 6D) (12/07)

In re **Laron Frazier**

Case No. **07-19971**
(if known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCT #:<br><br>OEO, LLC<br>2335 NE 209th St.<br>Miami, FL 33180 | X | - | DATE INCURRED:<br>NATURE OF LIEN:<br>**Second mortgage**<br>COLLATERAL:<br>**6945 NW 20th Ave., Miami, FL**<br>REMARKS:<br>**collateral is 230 NW 151st St., Miami, Florida and 6945 NW 20th Ave., Miami, Florida, both by wife Marcia Frazier**<br><br>VALUE: **$160,000.00** | | | | $50,000.00 | |
| ACCT #:<br><br>Popular Mortgage<br>121 Woodcrest Rd.<br>Cherry Hill, NJ 08003 | X | - | DATE INCURRED:    **5/02**<br>NATURE OF LIEN:<br>**Mortgage**<br>COLLATERAL:<br>**6945 NW 20th Ave., Miami, FL**<br>REMARKS:<br><br>VALUE: **$160,000.00** | | | | $105,641.00 | |
| Representing:<br>Popular Mortgage | | | **Bank of New York as Tr for Equity One, Mtge Pass Thru Certif Series 2003-4 c/oDouglas C. Zahm PA<br>18830 US Highway 19th North, #300<br>Clearwater, FL 33764** | | | | Notice Only | Notice Only |
| | | | | | | | | |

|  | | |
|---|---|---|
| Subtotal (Total of this Page) > | $155,641.00 | $0.00 |
| Total (Use only on last page) > | $155,641.00 | $0.00 |
| | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

_____ **No** _____ continuation sheets attached

B6E (Official Form 6E) (12/07)

In re **Laron Frazier**                                    Case No.    **07-19971**
                                                                         (If Known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**    (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐ **Domestic Support Obligations**
Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**
Claims of individuals up to $2,425* for deposits for the purchase, lease or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☑ **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507(a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**
Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

☐ **Administrative allowances under 11 U.S.C. Sec. 330**
Claims based on services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by such person as approved by the court and/or in accordance with 11 U.S.C. §§ 326, 328, 329 and 330.

\* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

_____2_____continuation sheets attached

B6E (Official Form 6E) (12/07) - Cont.

In re **Laron Frazier**

Case No. **07-19971**
(If Known)

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

| TYPE OF PRIORITY | Taxes and Certain Other Debts Owed to Governmental Units |
|---|---|

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCT #:<br>**Attorney General of the US**<br>**950 Pennsylvania Ave., NW**<br>**Room 4400**<br>**Washington, DC  20530-0001** | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Notice Only**<br>REMARKS: | | | | **Notice Only** | **Notice Only** | **Notice Only** |
| ACCT #:<br>**IRS, District Director**<br>**Special Procedures, Insol Unit**<br>**7850 SW 6th Ct., #165, Stop 5730**<br>**Ft. Lauderdale, FL  33318** | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Federal income taxes**<br>REMARKS: | | | | **Unknown** | **Unknown** | **Unknown** |
| ACCT #:<br>**State of Florida**<br>**Department of Revenue**<br>**Tallahassee, FL  32399-0100** | | - | DATE INCURRED:<br>CONSIDERATION:<br>**State taxes**<br>REMARKS: | | | | **$0.00** | **$0.00** | **$0.00** |
| ACCT #:<br>**Tene A. Stokes**<br>**17600 NW 5th Ave., #115**<br>**Miami, FL  33169** | | | DATE INCURRED:<br>CONSIDERATION:<br>**Child support**<br>REMARKS:<br>**child is 9 years old** | | | | **$4,000.00** | **$4,000.00** | **$0.00** |
| **Representing:**<br>**Tene A. Stokes** | | | **State of Florida**<br>**Department of Revenue**<br>**Tallahassee, FL  32399-0100** | | | | **Notice Only** | **Notice Only** | **Notice Only** |
| **Representing:**<br>**Tene A. Stokes** | | | **State of Florida, State Attorney**<br>**Child Support Enforcement**<br>**100 S. Biscayne Blvd., #3100**<br>**Miami, FL 33131** | | | | **Notice Only** | **Notice Only** | **Notice Only** |

Sheet no. ___1___ of ___2___ continuation sheets attached to Schedule of Creditors Holding Priority Claims

Subtotals (Totals of this page) > | **$4,000.00** | **$4,000.00** | **$0.00** |

Total >
(Use only on last page of the completed Schedule E.
Report also on the Summary of Schedules.)

Totals >
(Use only on last page of the completed Schedule E.
If applicable, report also on the Statistical Summary
of Certain Liabilities and Related Data.)

B6E (Official Form 6E) (12/07) - Cont.

In re **Laron Frazier**                                       Case No. **07-19971**
                                                                            (If Known)

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

| TYPE OF PRIORITY | Taxes and Certain Other Debts Owed to Governmental Units |
|---|---|

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| **ACCT #:** <br><br> **US Attorney** <br> **Southern District of Florida** <br> **99 NE 4th St., 3rd Fl.** <br> **Miami, FL 33132** | | - | DATE INCURRED: <br> CONSIDERATION: <br> **Notice Only** <br> REMARKS: | | | | **Notice Only** | **Notice Only** | **Notice Only** |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

Sheet no. __2__ of __2__ continuation sheets attached to Schedule of Creditors Holding Priority Claims

| | | |
|---|---|---|
| Subtotals (Totals of this page) > | $0.00 | $0.00 | $0.00 |
| Total > <br> (Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.) | $4,000.00 | | |
| Totals > <br> (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) | | $4,000.00 | $0.00 |

B6F (Official Form 6F) (12/07)

In re   **Laron Frazier**                                          Case No.   **07-19971**
                                                                              (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:  xx-xxxxx CC 05 <br>**BAC Funding Personal Rep of Estate of BAC Funding, Inc. deceased** <br>c/oPaul Midenberger, Rozier, Midlenberge <br>4447 Westroads Dr. <br>West Palm Beach, FL 33407 | | - | DATE INCURRED: <br>CONSIDERATION: <br>**Corporate debt** <br>REMARKS: | | | | **Unknown** |
| ACCT #: <br>**Bank of New York Mellon Corp. as Trustee** <br>One Wall Street <br>New York, NY 10286 | X | | DATE INCURRED: <br>CONSIDERATION: <br>**Tenancy by Entireties** <br>REMARKS: <br>for Equity One, Inc. Mortgage/Pass Through <br>Certificate Series #2003-4 | | | | **$104,000.00** |
| **Representing:** <br>Bank of New York Mellon Corp. as Trustee | | | Douglas C. Zahm PA <br>18830 US Highway 19th North, #300 <br>Clearwater, FL 33764 | | | | **Notice Only** |
| **Representing:** <br>Bank of New York Mellon Corp. as Trustee | | | Law Offices of David J. Stern, PA <br>801 S. University Dr., #500 <br>Plantation, FL  33324 | | | | **Notice Only** |
| ACCT #:  xxxxxxxx4017 <br>**Capital One Bank** <br>11013 W Broad St <br>Glen Allen, VA 23060 | | - | DATE INCURRED:    05/22/2004 <br>CONSIDERATION: <br>**Credit Card** <br>REMARKS: | | | | **$571.00** |
| ACCT #:  xxxxxx6754 <br>**Child Support Enforcem** <br>3670 N L St Ste B <br>Pensacola, FL 32505 | | - | DATE INCURRED:    08/16/2004 <br>CONSIDERATION: <br>**Child Support** <br>REMARKS: | | | | **$4,313.00** |
| | | | | | Subtotal > | | **$108,884.00** |
| | | | | | Total > | | |
| | | | (Use only on last page of the completed Schedule F.) <br>(Report also on Summary of Schedules and, if applicable, on the <br>Statistical Summary of Certain Liabilities and Related Data.) | | | | |

____**4**____continuation sheets attached

B6F (Official Form 6F) (12/07) - Cont.
In re   **Laron Frazier**

Case No.   **07-19971**
(if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:  xxxxxx6754<br>**Child Support Enforcem**<br>**100 S Biscayne Blvd Ste**<br>**Miami, FL 33131** | | - | DATE INCURRED:    07/07/2006<br>CONSIDERATION:<br>**Family Support**<br>REMARKS: | | | | $1,439.00 |
| ACCT #:<br>**Citimortgage Inc**<br>**1000 Technology Dr., MS 140**<br>**O'Fallon, MO 63304** | | - | DATE INCURRED:<br>CONSIDERATION:<br>**FHA Real Estate Mortgage**<br>REMARKS: | | | | $0.00 |
| ACCT #:  xxxxxx7515<br>**First Select Corporation**<br>**Po Box 9180**<br>**Pleasanton, CA 94566** | | - | DATE INCURRED:    12/01/2000<br>CONSIDERATION:<br>**Final Judgment**<br>REMARKS:<br>**01-6039 SP 05** | | | | $0.00 |
| ACCT #:<br>**Jacqueline Burroughs**<br>**address unknown** | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Misc.**<br>REMARKS:<br>**owner of house, construction, case 07-38447**<br>**CA 01** | X | X | X | Unknown |
| **Representing:**<br>**Jacqueline Burroughs** | | | **Jacqueline Burroughs**<br>**475 W. Town Pl., Suite 210**<br>**St. Augustine, FL  32092** | | | | Notice Only |
| ACCT #:<br>**Madison Capital Credit Corp.**<br>**1820 NE 163rd St., #308**<br>**Miami, FL 33162** | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Misc.**<br>REMARKS:<br>**satisfied** | | | | $0.00 |

Sheet no. _____1_____ of _____4_____ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal >     $1,439.00

Total >
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re   **Laron Frazier**

Case No.   **07-19971**
(if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:<br>**Man Power Enterprise, Inc.**<br>**PO Box 600293**<br>**North Miami Beach, FL 33160** | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Misc.**<br>REMARKS:<br>**shareholder in corporation** | | | | $0.00 |
| ACCT #:<br>**Miami Postal Service CU**<br>**2190 NW 72nd Ave.**<br>**Miami, FL 33122** | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Final Judgment**<br>REMARKS:<br>**00-9048 CC 05, certified copy** | | | | $9,823.00 |
| **Representing:**<br>**Miami Postal Service CU** | | | **Herzfeld & Rubin**<br>**80 SW 8th St., #1920**<br>**Miami, FL 33130** | | | | **Notice Only** |
| **Representing:**<br>**Miami Postal Service CU** | | | **Miami Postal Service CU**<br>**PO Box 520622**<br>**Miami, FL 33152** | | | | **Notice Only** |
| ACCT #:<br>**Miami-Dade County Tax Collector**<br>**Bankruptcy Unit**<br>**140 W. Flagler St., #1403**<br>**Miami, FL  33130** | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Property taxes**<br>REMARKS: | | | | $2,307.43 |
| ACCT #:  xxxx2199<br>**Nco-medclr (inphynet South Fla)**<br>**Po Box 8547**<br>**Philadelphia, PA 19101** | | - | DATE INCURRED:    07/29/2005<br>CONSIDERATION:<br>**Factoring Company Account**<br>REMARKS: | | | | $328.00 |

Sheet no. ___2___ of ___4___ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal >    $12,458.43

Total >
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.
In re   **Laron Frazier**

Case No.   **07-19971**
(if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:<br>**Nora Williams**<br>PO Box 470036<br>Miami, FL  33169 | X | - | DATE INCURRED:<br>CONSIDERATION:<br>**Final Judgment**<br>REMARKS:<br>work done, or 26012/1135, certified copy | | | | $51,523.02 |
| Representing:<br>**Nora Williams** | | | Malgorzata J. Kon, Esq.<br>2500 E. Hallandale Beach Blvd., #607<br>Hallandale, FL 33009 | | | | Notice Only |
| ACCT #:<br>**North Dade Community Dev Fed CU**<br>18591 NW 27th Ave.<br>Miami Gardens, FL 33056 | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Final Judgment**<br>REMARKS:<br>case 01-11445 SP 23 | | | | Unknown |
| ACCT #:<br>**Ottolita Thompson**<br>16401 NW 2nd Ave., #102<br>Miami, FL  33169 | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Misc.**<br>REMARKS: | | | | Unknown |
| ACCT #:  xxxxxxxxxxxx7176<br>**Sherman Acquisitions (Sears)**<br>Po Box 740281<br>Houston, TX 77274 | | - | DATE INCURRED:       03/30/2006<br>CONSIDERATION:<br>**Factoring Company Account**<br>REMARKS: | | | | $3,215.00 |
| ACCT #:<br>**Sonia Frazier**<br>18840 NW 23rd Ave.<br>Opa Locka, FL 33056 | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Misc.**<br>REMARKS: | | | | Unknown |

Sheet no. ___3___ of ___4___ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal >   $54,738.02

Total >
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re   **Laron Frazier**                                    Case No.   **07-19971**
                                                                        (if known)

### SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:<br>**Sunshine State Insurance Co.**<br>**475 W Town Place, Suite 210**<br>**Saint Augustine, FL 32092** | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Corporate debt**<br>REMARKS:<br>**case 07-38447 CA 01** | | | | **Unknown** |
| ACCT #:<br>**Vinson Harlot Roofing, Inc.**<br>**PO Box 893**<br>**Opa Locka, FL 33154** | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Misc.**<br>REMARKS:<br>**construction, case 07-38447 CA 01** | X | X | X | **$0.00** |
| **Representing:**<br>**Vinson Harlot Roofing, Inc.** | | | **Guillermoe Mc Causland, Reg Agent**<br>**1059 NE 104th St.**<br>**Miami, FL 33138** | | | | **Notice Only** |
| ACCT #:<br>**Wachovia Bank Na/ftu**<br>**Po Box 3117**<br>**Winston Salem, NC 27102** | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Misc.**<br>REMARKS: | | | | **Unknown** |
| ACCT #:<br>**Washington Mutual Bank FA**<br>**400 E. Main St.**<br>**Stockton, CA 95290** | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Misc.**<br>REMARKS: | | | | **$200.00** |
| | | | | | | | |

Sheet no. ___4___ of ___4___ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal >   **$200.00**

Total >   **$177,719.45**
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

B6G (Official Form 6G) (12/07)

In re  **Laron Frazier**

Case No.  **07-19971**
　　　　　　　(if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.
State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc.  State whether debtor is the lessor or lessee of a lease.
Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to
one of the leases of contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a
minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑  Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST.  STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
|  |  |

B6H (Official Form 6H) (12/07)
In re **Laron Frazier**

Case No.   **07-19971**
                    (if known)

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **Man Power Enterprise, Inc.**<br>PO Box 600293<br>North Miami Beach, FL 33160 | **Nora Williams**<br>PO Box 470036<br>Miami, FL  33169 |
| **Marcia D. Frazier**<br>230 NW 151st St.<br>Miami, FL 33169 | **Popular Mortgage**<br>121 Woodcrest Rd.<br>Cherry Hill, NJ 08003 |
| **Marcia Frazier**<br>230 NW 151st St.<br>Miami, FL 33169 | **OEO, LLC**<br>2335 NE 209th St.<br>Miami, FL  33180 |
| **Marcia Frazier**<br>230 NW 151st St.<br>Miami, FL 33169 | **Bank of New York Mellon Corp. as Trustee**<br>One Wall Street<br>New York, NY 10286 |

B6I (Official Form 6I) (12/07)

In re **Laron Frazier**

Case No. **07-19971**

(if known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | Dependents of Debtor and Spouse | | | | |
|---|---|---|---|---|---|
| **Single** | Relationship(s): Daughter<br>Son<br>Son<br>Son<br>Son | Age(s): 5<br>7<br>15<br>13<br>10 | | Relationship(s): | Age(s): |
| **Employment:** | Debtor | | | Spouse | |
| Occupation<br>Name of Employer<br>How Long Employed<br>Address of Employer | manger<br>Manpower Enterprises, Inc.<br>5 years<br>Miami, Florida | | | | |

| | INCOME: (Estimate of average or projected monthly income at time case filed) | **DEBTOR** | **SPOUSE** |
|---|---|---|---|
| 1. | Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $7,000.00 | |
| 2. | Estimate monthly overtime | $0.00 | |
| 3. | SUBTOTAL | **$7,000.00** | |
| 4. | LESS PAYROLL DEDUCTIONS | | |
| | a. Payroll taxes (includes social security tax if b. is zero) | $100.00 | |
| | b. Social Security Tax | $350.00 | |
| | c. Medicare | $50.00 | |
| | d. Insurance | $0.00 | |
| | e. Union dues | $0.00 | |
| | f. Retirement | $0.00 | |
| | g. Other (Specify) _____ | $0.00 | |
| | h. Other (Specify) _____ | $0.00 | |
| | i. Other (Specify) _____ | $0.00 | |
| | j. Other (Specify) _____ | $0.00 | |
| | k. Other (Specify) _____ | $0.00 | |
| 5. | SUBTOTAL OF PAYROLL DEDUCTIONS | **$500.00** | |
| 6. | TOTAL NET MONTHLY TAKE HOME PAY | **$6,500.00** | |
| 7. | Regular income from operation of business or profession or farm (Attach detailed stmt) | $0.00 | |
| 8. | Income from real property | $0.00 | |
| 9. | Interest and dividends | $0.00 | |
| 10. | Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $0.00 | |
| 11. | Social security or government assistance (Specify): _____ | $0.00 | |
| 12. | Pension or retirement income | $0.00 | |
| 13. | Other monthly income (Specify): | | |
| | a._____ | $0.00 | |
| | b._____ | $0.00 | |
| | c._____ | $0.00 | |
| 14. | SUBTOTAL OF LINES 7 THROUGH 13 | **$0.00** | |
| 15. | AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | **$6,500.00** | |
| 16. | COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | | **$6,500.00** |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
**None.**

B6J (Official Form 6J) (12/07)
IN RE:   **Laron Frazier**

Case No.   **07-19971**
(if known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐  Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---|
| 1. Rent or home mortgage payment (include lot rented for mobile home)<br> a. Are real estate taxes included?    ☑ Yes    ☐ No<br> b. Is property insurance included?    ☑ Yes    ☐ No | $1,800.00 |
| 2. Utilities:  a. Electricity and heating fuel<br>     b. Water and sewer<br>     c. Telephone<br>     d. Other: | $300.00<br><br>$150.00 |
| 3. Home maintenance (repairs and upkeep)<br>4. Food<br>5. Clothing<br>6. Laundry and dry cleaning<br>7. Medical and dental expenses<br>8. Transportation (not including car payments)<br>9. Recreation, clubs and entertainment, newspapers, magazines, etc.<br>10. Charitable contributions | <br>$600.00<br>$100.00<br>$50.00<br>$100.00<br>$200.00<br>$100.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments)<br>     a. Homeowner's or renter's<br>     b. Life<br>     c. Health<br>     d. Auto<br>     e. Other: | <br><br>$100.00<br><br>$100.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments)<br>Specify: | |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan)<br>     a. Auto:<br>     b. Other:<br>     c. Other:<br>     d. Other: | |
| 14. Alimony, maintenance, and support paid to others:<br>15. Payments for support of add'l dependents not living at your home:<br>16. Regular expenses from operation of business, profession, or farm (attach detailed statement)<br>17.a. Other:<br>17.b. Other: | |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17.  Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $3,600.00 |

| | | |
|---|---|---|
| 19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:  **None.** | | |
| 20. STATEMENT OF MONTHLY NET INCOME<br>a. Average monthly income from Line 15 of Schedule I<br>b. Average monthly expenses from Line 18 above<br>c. Monthly net income (a. minus b.) | | $6,500.00<br>$3,600.00<br>$2,900.00 |

B6 Declaration (Official Form 6 - Declaration) (12/07)
In re  **Laron Frazier**

Case No.   **07-19971**
_____
(if known)

## DECLARATION CONCERNING DEBTOR'S SCHEDULES
### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of      **21**
sheets, and that they are true and correct to the best of my knowledge, information, and belief.


Date **12/17/2007** _____          Signature __**/s/ Laron Frazier**_____
                                                      **Laron Frazier**

Date _____          Signature _____

[If joint case, both spouses must sign.]


_____
_Penalty for making a false statement or concealing property:  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 and 3571._

B7 (Official Form 7) (12/07)

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

In re:  **Laron Frazier**

Case No.  **07-19971** _____
(if known)

# STATEMENT OF FINANCIAL AFFAIRS

### 1. Income from employment or operation of business

**None**
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $0 | 2006 1040, subchapter S corporation loss -10,226.00 |
| $6000.00 wages -50,000.00 loss from subchapter S est. | 2007 year to date |
| $0 | 2005 1040, subchapter S corproation loss -$10,834.00 |

### 2. Income other than from employment or operation of business

**None**
☑

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 3. Payments to creditors

*Complete a. or b., as appropriate, and c.*

**None**
☑

a. Individual or joint debtor(s) with primarily consumer debts: List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**None**
☑

b. Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**None**
☑

c. All debtors: List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

B7 (Official Form 7) (12/07) - Cont.

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

In re:  **Laron Frazier**

Case No.  **07-19971**
(if known)

# STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 1*

---

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None ☐   a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Citimortgage Inc. vs. Marcia Frazier, et al., Case 07-37203 CA 08 | mortgage foreclosure | Circuit Court, 11th Judicial Circuit, Miami, Florida | judgment |
| Nora Williams vs. Laron Frazier et al., Case 06-15006 CA 31 | collection | Circuit Court, 11th Judicial Circuit, Miami, Florida | judgment 10/22/07 |
| Citimortgage, Inc. vs. Marcia Frazier et al., 06-25505 CA 10 | mortgage foreclsoure | Circuit Court, 11th Judicial Circuit, Miami, Florida | dismissed |
| Tene A. Stokes ex rel, 99-10082 | child support | Circuit Court, 11th Judicial Circuit, Miami, Florida | pending |
| Madison Capital Cr Corp. vs. Man Power Enterprises, Inc. et al. 06-13978 CA 01 | collection | Circuit Court, 11th Judicial Circuit, Miami, Florida | satisifed judgment |
| Laron Frazier v. Trina Williams, case 06-11207 CC 05 | eviction | County Court, Miami, Florida | writt of possession 12/4/06 |
| BAC Funding Corp. vs. Laron Frazier, 06-14506 CC 05 | collection | County Court, Miami-Dade County, Florida | voluntary dismissal 9/5/07 |
| Bank of New York, Trustee vs. Marcia D. Frazier et al., 07-22314 CA 01 | mortgage foreclosure | Circuit Court, 11th Judicial Circuit, Miami, Florida | final judgment 10/9/07, sale was set |
| Sunshine State Ins. Co. vs. Vinson Harlot Roofing, Inc. et al., Case 07-38447 CA 01 | construction | Circuit Court, 11th Judicial Circuit, Miami, Florida | filed 10/07 |
| Laron Frazier vs. Katrina Pelote, case 05-16479 CC 05 | writ of possession | County County, Miami, Florida | final judgment |

---

None ☑   b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

**5. Repossessions, foreclosures and returns**

None ☑   List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

B7 (Official Form 7) (12/07) - Cont.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re:  **Laron Frazier**

Case No.  **07-19971**
(if known)

# STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 2*

---

### 6. Assignments and receiverships

None ☑  a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None ☑  b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 7. Gifts

None ☑  List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 8. Losses

None ☑  List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 9. Payments related to debt counseling or bankruptcy

None ☑  List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

---

### 10. Other transfers

None ☑  a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None ☑  b. List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

---

### 11. Closed financial accounts

None ☑  List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 12. Safe deposit boxes

None ☑  List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

B7 (Official Form 7) (12/07) - Cont.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

In re:  **Laron Frazier**                                          Case No.   **07-19971**
                                                                                   (if known)

# STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 3*

---

**13. Setoffs**

None ☑ List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

**14. Property held for another person**

None ☑ List all property owned by another person that the debtor holds or controls.

---

**15. Prior address of debtor**

None ☑ If the debtor has moved within three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

---

**16. Spouses and Former Spouses**

None ☑ If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

---

**17. Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

---

None ☑ a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

---

None ☑ b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

---

None ☑ c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

B7 (Official Form 7) (12/07) - Cont.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re:  **Laron Frazier**                                    Case No.  **07-19971**

                                                                        (if known)

## STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 4*

---

**18. Nature, location and name of business**

None
☐
a. If the debtor is an individual, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

| NAME, ADDRESS, AND LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN) / COMPLETE EIN | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|
| **Man Power Enterprise, Inc.**<br>**46-0479000** | **construction** | **2002-present** |

---

None
☑
b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)

---

**19. Books, records and financial statements**

None
☑
a. List all bookkeepers and accountants who within two years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

---

None
☑
b. List all firms or individuals who within two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

---

None
☑
c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

---

None
☑
d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within two years immediately preceding the commencement of this case.

B7 (Official Form 7) (12/07) - Cont.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re:  **Laron Frazier**                                     Case No.  **07-19971**
                                                                              (if known)

**STATEMENT OF FINANCIAL AFFAIRS**
*Continuation Sheet No. 5*

---

**20. Inventories**

None ☑  a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

---

None ☑  b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

---

**21. Current Partners, Officers, Directors and Shareholders**

None ☑  a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

---

None ☑  b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

---

**22. Former partners, officers, directors and shareholders**

None ☑  a. If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

---

None ☑  b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

---

**23. Withdrawals from a partnership or distributions by a corporation**

None ☑  If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

---

**24. Tax Consolidation Group**

None ☑  If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within six years immediately preceding the commencement of the case.

---

**25. Pension Funds**

None ☑  If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within six years immediately preceding the commencement of the case.

B7 (Official Form 7) (12/07) - Cont.

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

In re:  **Laron Frazier**

Case No.  **07-19971**

(if known)

# STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 6*

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  **12/17/2007**

Signature
of Debtor

**/s/ Laron Frazier**
**Laron Frazier**

Date

Signature
of Joint Debtor
(if any)

*Penalty for making a false statement:  Fine of up to $500,000 or imprisonment for up to 5 years, or both.*
*18 U.S.C. §§ 152 and 3571*