IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| Laron Frazier | § § § § | Case No. 07-19971 |
| Debtor(s). | § | Claim No. 1 |

**CAPITAL ONE BANK (USA), N.A.'S *EX PARTE* MOTION FOR AN ORDER PROTECTING CONSUMER INFORMATION PURSUANT TO 11 U.S.C. § 107 AND BANKRUPTCY RULE 9037 AND TO REOPEN CASE**

Capital One Bank (USA), N.A. ("*Capital One*" or the "*Movant*") files this Ex Parte *Global Motion for An Order Protecting Consumer Information Pursuant to 11 U.S.C. § 107 and Bankruptcy Rule 9037 and to Reopen Case*, which seeks an order from the Court restricting public access to the electronically filed claims listed on **Exhibit A**, (the "*Original Claims*"). These Original Claims were filed by Capital One in the bankruptcy cases listed on **Exhibit A** (the "***Bankruptcy Cases***"), and in some instances the underlying claims were assigned, as indicated on **Exhibit A**. In particular, this Motion seeks to prevent public access to the numbers of the closed credit card accounts that were listed in the attachments to the Original Claims. In support of this Motion, the Movant would respectfully show the Court as follows:

### Jurisdiction

1.  This Court has jurisdiction over the relief requested in this Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. This is a core proceeding. The relief sough herein may be granted pursuant 11 U.S.C. § 107 and Federal Rule of Bankruptcy Procedure 9037.

**Factual Background**

2.      Prior to the initiation of these Bankruptcy Cases, Capital One provided credit card accounts (collectively, the "*Accounts*" and each separately an "*Account*") to the debtor in this Case ("*Debtor*").  Upon the initiation of the Bankruptcy Case, an independent contractor electronically filed the Original Claims on behalf of Capital One, which asserted Capital One's legal claims against a particular debtor arising from the relevant Account.  Capital One also closed each of the Accounts upon initiation of the Bankruptcy Case.

3.      In accordance with the local rules of this Court, the most recent credit card statement for the relevant Account was attached to the respective Original Claims, instead of Capital One's standard Account records.  However the first twelve digits of the numbers of the Accounts were not redacted from those credit card statements.

4.      In some cases, the underlying legal claims were subsequently assigned by Capital One to assignees.

5.      Further, some cases may now be closed, dismissed, or the debtor therein has been granted a discharge.

**Relief Requested & Legal Analysis**

6.      The Movants seek to rectify this situation by (a) having each of the Original Claims sealed from public access, and (b) filing replacement proofs of claim (the "Replacement Claims") that are substantially identical to each of the Original Claims, except that the Account Numbers will be properly redacted.

7.      Federal Rule of Bankruptcy Procedure 9037(a)(4) states that in an electronic filing made with the Court, a party may only include the last four digits of the financial-account number.  Thus, even though the Accounts here had been closed, the inclusion of the full number

of the former Accounts was a mistake. Federal Rule of Bankruptcy Procedure 9037(d) states that for "cause," this Court may "limit or prohibit a nonparty's remote electronic access to a document filed with the court." The Movant believes that cause exists for the Court to limit remote electronic access to each of the Original Claims—such relief is necessary to ensure compliance with Federal Rule of Bankruptcy Procedure 9037(a).

8. Further, § 107(c) of title 11 of the United States Code (the "**Bankruptcy Code**") permits the Court, "for cause," to protect an individual with respect to any paper or pleading filed in a bankruptcy case "to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property." 11 U.S.C. § 107(c). Because the Accounts had been closed by the time the Original Claims had been filed, there has been no risk of identity theft or other injury created by listing the full Account numbers on the Original Claims. Nevertheless, erring on the side of caution, the Movants submit that Bankruptcy Rule 9037(a) creates a presumption that "cause" exists under § 107(c) for issuing an order protecting an individual from the disclosure of information restricted by Bankruptcy Rule 9037(a).

9. The Movant does not intend for this requested relief to have any substantive effect upon the Debtor, this Case, Capital One, other assignees, or any other creditors or parties-in-interest. Accordingly, the Movant requests that the Court provide in any order issued upon this Motion that (a) such order shall not have any material or substantive effect upon the Movant's rights or claims or these Bankruptcy Cases, and (b) such order shall not affect the validity, priority, allowance, or disallowance of such claims, the time for objecting to such claims, or the distributions made or to be made upon such claims.

10. Neither § 107(c) of the Bankruptcy Code nor Bankruptcy Rule 9037(d) require notice or hearing prior to the entry of a protective order. Accordingly, the Movant submits that the Court may grant this Motion *ex parte*, and that the Movant has provided or will provide sufficient notice of this Motion and the entry of any order by sending it to the trustees for this Case and the Bankruptcy Administrator for this district.

11. Finally, Capital One apologizes for the administrative burdens caused by this error, and wishes to express its gratitude to the Court, its staff, the Bankruptcy Administrator, and the debtor and trustees in this Case for their patience and cooperation in this matter.

WHEREFORE, PREMISES CONSIDERED, the Movant respectfully requests that the Court enter an order (i) directing the Clerk of the Court to restrict all public access to the Original Claims listed on *Exhibit A;* (ii) reopening this Case if it has been administratively closed; (iii) authorizing the Movant to file replacement claims, if appropriate; and (iv) granting such other relief as may be proper.

Respectfully submitted this 22nd day of December, 2010.

**HUNTON & WILLIAMS LLP**

/s/ *David E. Bane*
David E. Bane (FBN 0515701)
1111 Brickell Avenue, Suite 2500
Miami, Florida 33131
Telephone: (305) 810-2500
Fax: (305) 810-2460
E-Mail: Dbane@hunton.com

-and-

Jarrett L. Hale
Texas State Bar No. 24046005
Michael S. Held
Texas State Bar No. 09388150
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202
Telephone: (214) 979-3000
Fax: (214) 880-0011
E-Mail: JHale@hunton.com
           MHeld@hunton.com

*Attorneys for Capital One Bank (USA), N.A.*

**CERTIFICATE OF SERVICE**

     The undersigned hereby certifies that on this date a copy of *Capital One Bank (USA), N.A.'s Ex Parte Motion for An Order Protecting Consumer Information Pursuant to 11 U.S.C. § 107 and Bankruptcy Rule 9037* has been served via the Court's Electronic Case Filing system upon the Trustee, the Plan Administrator and Debtor's counsel.

     The undersigned hereby further certifies that on this date a copy of *Capital One Bank (USA), N.A.'s Ex Parte Motion for An Order Protecting Consumer Information Pursuant to 11 U.S.C. § 107 and Bankruptcy Rule 9037* has been served on the via first-class U.S. Mail, postage pre-paid upon the Debtor(s) in the above-referenced case at the following address:

Laron Frazier  
230 NW 151st St.  
Miami, FL 33169  
*Debtor(s)*

                                                      /s/ *Michael S. Held*  
                                                      Michael S. Held